UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS W. TUBRE and<br>TKTMJ, INC. | CIVIL ACTION |
| VERSUS | NO. 14-1149 |
| CLARK MCCARTHY HEALTHCARE<br>    PARTNERS, A JOINT VENTURE | SECTION "N"  (4) |

## ORDER & REASONS

Now before the Court is defendant's, Clark McCarthy Healthcare Partners, A Joint Venture, ("Clark"), Motion to Dismiss (Rec. Doc. 21) pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs, Thomas Tubre ("Tubre") and TKTMJ, Inc. ("TKTMJ"), filed a response in opposition (Rec. Doc. 25), and Clark filed a reply (Rec. Doc. 26).  For the reasons stated herein,

**IT IS ORDERED** that Clark's Motion to Dismiss (**Rec. Doc. 21**) is **GRANTED**, and Tubre and TKTMJ's claims under Age Discrimination and Employment Act ("ADEA") and Rehabilitation Act are hereby **DISMISSED**.  Plaintiffs' claims that are not addressed herein remain before the Court.

**I. Background**

Tubre and TKTMJ brought suit against Clark alleging, among others, claims under the ADEA and Rehabilitation Act after plaintiffs' bid for additional work on the Louisiana Veterans Healthcare System Replacement Hospital in New Orleans, Louisiana ("project") was rejected, and plaintiffs were barred from the work site.  (Rec. Doc. 25 at p. 1-2).  Tubre is a disabled veteran who

has been certified as ten percent (10%) disabled by the Department of Veteran Affairs. (Id.). TKTMJ is a family business specializing in the field of construction. (Id.). Clark was the general contractor for the project. (Id.). Plaintiffs do not challenge Clark's classification of plaintiffs as independent contractors, specifically sub-contractors. (Rec. Doc. 21-1 at p. 2). In addition, plaintiffs do not contest Clark's motion with regard to plaintiffs' ADEA claim. Therefore, the sole issue before the Court is whether the Rehabilitation Act affords protection against illegal discrimination to Tubre and TKTMJ as independent contractors.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." Campbell v. Wells Fargo Bank, N.A., 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159 (1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Rather, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." Although a complaint does not need "detailed factual allegations,... more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### III. Application of Legal Standard

#### 1. ADEA Claims

Plaintiffs do not contest Clark's motion to dismiss their ADEA claim pursuant to Rule 12(b)(6) on the grounds that independent contractors are not covered under the statute. The Court finds Clark's motion to be well-founded and grants dismissal of plaintiffs' ADEA claim.

#### 2. Rehabilitation Act Claims

Clark argues that (1) plaintiffs lack standing under the Rehabilitation Act because they, as independent contractors, do not have the requisite employer-employee relationship with Clark to be protected under the statute and (2) even if they were covered, plaintiffs have not shown the alleged discrimination was solely the result of the Tubre's disability. (Rec. Doc. 21-1 at p. 7). In response, plaintiffs assert that under the ruling in the Ninth Circuit case, Fleming v. Yuma Regional Medical Center, et al., 587 F.3d 938 (9th Cir. 2009), the Rehabilitation Act is not limited to employers and

employees only, but extends more broadly to cover independent contractors and to those that hire them. (Rec. Doc. 25 at p. 5). Plaintiffs also challenge Clark's assertion that the Fifth Circuit's holding in Luna v. Roche, 89 Fed. Appx. 878 (5th Cir. 2004), applies here, arguing that the decision did not pertain to independent contractors but to a retired employee's status under the statute. (Rec. Doc. 25 at p. 5).

After considering the parties' arguments, the Court finds that the Fifth Circuit's guidance found in Luna is controlling and appears to be supported by the decisions in Wojewski v. Rapid City Regional Hospital, Inc., et al., 450 F.3d 338 (8th Cir. 2006) (finding that the Rehabilitation Act does not extend coverage to independent contractors) and Hiler v. Brown, 177 F.3d 542 (6th Cir. 1999) (holding that the Rehabilitation Act applies in the employment context). When determining if the Rehabilitation Act, among other federal statutes, applied to a plaintiff's discrimination claims, the Fifth Circuit declared, "[t]he employment discrimination claims raised by Luna require the existence of an employer-employee relationship." Luna, 89 F. Appx. at 881.

Although the decision in Luna is at odds with the Ninth Circuit's holding in Fleming, which extends the Rehabilitation Act's protection to independent contractors, this Court is guided by the Fifth Circuit. Therefore, under the holding in Luna, plaintiffs, as independent contractors, are not covered under the Rehabilitation Act. Because the Court finds the Rehabilitation Act inapplicable under these circumstances, the Court need not address Clark's contention that plaintiffs have not shown that the alleged discrimination was *solely* a result of the disability.

**IV. Conclusion**

For the reasons stated herein, Tubre and TKTMJ, as independent contractors, are not covered under the ADEA and Rehabilitation Act. Accordingly,

**IT IS ORDERED** that Clark's motion to dismiss plaintiffs' ADEA and Rehabilitation Act claims is hereby **GRANTED**, and the claims are **DISMISSED**. To the extent that Tubre and TKTMJ have existing claims not addressed herein, those claims remain before the Court.

New Orleans, Louisiana, this 17th day of November 2014.

                                                                       _____
                                                                       **KURT D. ENGELHARDT**
                                                                       **United States District Judge**